# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT VLCEK<br>2425 Shawnee Boulevard<br>Springfield, OH 45504-1040<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>LLC,<br>120 Corporate Boulevard<br>Norfolk, Virginia 23502<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.11-cv-46<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT VLCEK (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Ohio, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Springfield, Clark County, Ohio.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Norfolk, Virginia.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, MBNA American Bank (MBNA), with an account number ending in 9265, PRA# 8794168610125.

11. Plaintiff's alleged debt owed to MBNA arises from transactions for personal, family, and household purposes.

12. On December 9, 2010, Plaintiff mailed a cease and desist letter to Defendant (Plaintiff's letter to Defendant is attached as Exhibit A).

13. Despite receiving Plaintiff's letter (Exhibit A), Defendant communicated with Plaintiff after December 9, 2010, in an attempt to collect a debt owed to MBNA.

14. For example, on December 20, 2010, Defendant's collector, Ms. Winters, called Plaintiff on his home telephone number (937-390-xxxx) in an attempt to collect the MBNA debt.

15. On December 20, 2010, Plaintiff reminded Defendant's collector, Ms. Winters, that

Plaintiff mailed Defendant a cease and desist letter (Exhibit A) on December 9, 2010.

16. On December 20, 2010, Plaintiff also spoke with Ms. Winters's supervisor, Chris Taylor, regarding the MBNA debt.

17. On December 20, 2010, Plaintiff reminded the supervisor, Chris Taylor, that Plaintiff mailed Defendant a cease and desist letter (Exhibit A) on December 9, 2010.

18. Despite receiving Plaintiff's letter (Exhibit A), and despite Plaintiff's reminders to Ms. Winters and Mr. Taylor on December 20, 2010, Defendant communicated with Plaintiff after December 20, 2010, in an attempt to collect a debt.

19. For example, on January 4, 2011, Defendant called Plaintiff on his home telephone number (937-390-xxxx) in an attempt to collect the MBNA debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff after Defendant received Plaintiff's cease and desist letter.

WHEREFORE, Plaintiff, ROBERT VLCEK, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT VLCEK, demands a jury trial in this case.

Dated: February 15, 2011                                        RESPECTFULLY SUBMITTED,


                                                                By:  /s/   Peter Cozmyk
                                                                     Peter Cozmyk,
                                                                     Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
8043 Corporate Circle
Suite 3
North Royalton, OH 44133
Tel: 323-988-2400 x213
Fax: 866-425-3459
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, ROBERT VLCEK, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT VLCEK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_Feb 9, 2011_
Date

_Robert Vlcek_
ROBERT VLCEK